**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00303-FDW-DCK**

| | |
|---|---|
| DEANNA DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNIVERSITY PLACE NURSING AND | ) |
| REHABILITATION CENTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 11). For the reasons stated below, the Court DEFERS RULING on Plaintiff's motion.

*Pro se* Plaintiff filed this suit on June 6, 2017, alleging retaliation and race discrimination claims against Defendant. (Doc. No. 1, p. 3). Defendant was served by certified mail on July 12, 2017, (Doc. No. 5-1), but did not file a responsive pleading within twenty-one days. Plaintiff moved for an entry of default on August 31, 2018, and the Clerk of Court entered default against Defendant on that same day. (Doc. Nos. 9, 10). On January 28, 2019, Plaintiff made the present motion for default judgment, seeking a judgment of $250,000 for compensatory damages and emotional distress. (Doc. No. 11, p. 1).

An entry of default is entered "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Upon an entry of default, a defendant "admits the plaintiff's well-pleaded allegations of fact," but does not admit

conclusions of law. Id. Furthermore, while allegations pertaining to liability are generally considered admitted upon default, allegations pertaining to damages are not, and the court must determine "whether the well-pleaded allegations . . . support the relief sought." Id.; see also Monge v. Portofino Ristorante, 751 F. Supp. 2d 789, 794 (D. Md. 2010) ("An allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading.").

Here, Plaintiff requests the Court to enter a $250,000 judgement for "compensatory damages and emotional distress due to no fault." (Doc. No. 11, p. 1). Plaintiff's motion does not include any evidence for why the $250,000 judgment is appropriate. Therefore, the Court cannot grant the requested relief until Plaintiff provides a proper accounting of the requested judgment. See Ryan, 253 F.3d at 780.

## Conclusion

The Court hereby DEFERS RULING on Plaintiff's Motion for Default Judgment. (Doc. No. 11). Plaintiff is ORDERED to submit supplemental briefing and evidence (receipts, bank statements, pay stubs, medical records, affidavits, etc.) regarding her alleged damages within thirty (30) days of this order's entry.

IT IS SO ORDERED.

Signed: February 11, 2019

Frank D. Whitney
Chief United States District Judge