IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00303-FDW-DCK

| | |
|---|---|
| DEANNA DOUGLAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSITY PLACE NURSING AND )<br>REHABILITATION CENTER, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment. (Doc. No. 27). For the reasons stated below, Plaintiff's Motion is DENIED and this action is DISMISSED without prejudice.

**Background**

*Pro se* Plaintiff filed this lawsuit in June 2017, alleging that Defendant engaged in unlawful race discrimination and retaliation. (Doc. No. 1, p. 3). Since Plaintiff is proceeding *in forma pauperis*, service of this case was done by the U.S. Marshal Service based on information included in Plaintiff's summons. (Doc. No. 5). The Court received a return receipt of service on July 18, 2017. (Doc. No. 5-1). Seeing the return receipt of service, and noting no response by Defendant or further action by Plaintiff, the Court issued a show cause order to Plaintiff on August 13, 2018 for failure to prosecute. (Doc. No. 6). Plaintiff moved for an entry of default on August 31, 2018 and default was entered against Defendant on that day. (Doc. Nos. 9, 10). Plaintiff subsequently moved for default judgment on January 28, 2019. (Doc. No. 11). The Court issued an Order on March 18, 2019 denying Plaintiff's motion for default based on insufficient service of process and

allowing Plaintiff an additional ninety days to serve Defendant in a manner compliant with Rule 4 of the Federal Rules of Civil Procedure. (Doc. No. 14).

Plaintiff filed an amended complaint without leave of court on April 3, 2019, including as a defendant Kathy Eudy. (Doc. No. 15). Despite Plaintiff's failure to move the Court for leave to amend her complaint, service was nonetheless attempted by the Marshals and was unsuccessful once again. (Doc. No. 17). The Court issued another Order to Show Cause on September 11, 2019, (Doc. No. 19), and Plaintiff responded on September 19, 2019 indicating that summons should be served to a new address and new company name, Principal Long-Term Care Inc. (Doc. No. 23).

## **Legal Standard**

Rule 55 of the Federal Rules of Civil Procedure allows for a default judgment against a party who has "failed to plead or otherwise defend" itself in an action against it. Fed. R. Civ. P. 55. Nonetheless, before entering a default judgment against a defendant, a court must assure itself that defendant has been properly served. See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) (vacating a default judgment where service of process was insufficient). A court does not have personal jurisdiction over a defendant who has not been properly served and therefore has no power to enter a default judgment. See Central Operating Co. v. Util. Workers of America, AFL-CIO, 491 F.2d 245, 249 (4th Cir. 1974) ("It is axiomatic that a federal court cannot acquire in personam jurisdiction over a defendant who does not voluntarily appear unless he is served with process in a manner authorized by federal statute or rule."); see also Goldbelt Wolf v. Operational Wear Armor, LLC, No. 1:15-cv-1269, 2016 WL 726532, at *2 (E.D. Va. Feb. 22, 2016). Thus, when presented with a motion for default judgment, a court may either grant the motion or set aside the underlying entry of default if it finds that service of process

was insufficient. See Lostutter v. Cook, No. 1:17-cv-801, 2018 WL 6002472, at *3 (M.D.N.C. Nov. 15, 2018).

**Analysis**

The Court finds that service of process was not proper in this case; therefore, the Court must deny Plaintiff's motion for default judgment and dismiss the case without prejudice.

Defendant in this case is a business entity. Under the Federal Rules of Civil Procedure, service of process cannot be addressed to the business entity as a whole, but must be delivered "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h) (emphasis added). In addition to the above method of service, the Federal Rules also allow for service of a corporation based on North Carolina State Law. See Fed. R. Civ. P. 4(h)(1)(A) (referencing Rule 4(e)(1) as an appropriate method of service). North Carolina law similarly states that if a business entity is served by certified mail, such mail must be addressed to a specific officer, manager, partner, or registered agent within the organization. See N.C. R. Civ. P. 4(j)(6)–(8) (describing service requirements for corporations, partnerships, and other unincorporated associations).

Here, Plaintiff's original summons did not identify any specific individual to be served with process. Plaintiff's summons designated the defendant to be served as:

>9200 Glenwater Dr.
>Charlotte NC 28262
>University Place Nursing and Rehabilitation Center

(Doc. No. 4, p. 1). The U.S. Marshal Service then mailed a copy of the summons by certified mail to University Place Nursing and Rehabilitation Center, and subsequently filed a return receipt that was signed by "Karen Barton." (Doc. No. 5-1, p. 1). There is no indication in the record who Karen Barton is, what her role is within the organization, or if she was a registered agent capable of

accepting service on behalf of Defendant. Similarly, Plaintiff's most recent summons designated the defendant to be served as:

> Principal Long Term Care Inc. Kathy Eudy c/o Penny Batten, Human Resources Executive
> 1425 Hwy 258N, Kingston, NC 28501-6159

(Doc. No. 21-1). The U.S. Marshal Service then mailed a copy of the summons by certified mail to Principal Long Term Care Inc., and subsequently filed return receipts signed by "Lisa Ball" and "Victoria De Arcia." (Docs. No. 24, 25). There is no indication in the record who Lisa Ball or Victoria De Arcia are, what their role is within the organization, or if they are a registered agent capable of accepting service on behalf of Defendant.

Thus, because the summons in this case was improperly addressed, and there has been no showing of actual notice to Defendant of this lawsuit, the Court concludes that service of process in this case was insufficient. See Tann v. Fisher, 276 F.R.D. 190, 192 (D. Md. 2011) (holding that service of process to someone who has not been shown to be an agent of a defendant entity was not sufficient service of process). The Court therefore lacks personal jurisdiction over Defendant and cannot render a default judgment. See Central Operating Co., 491 F.2d at 249.

## Conclusion

For the reasons stated above, Plaintiff's Motion for Default Judgment, (Doc. No. 27), is DENIED and this action is DISMISSED without prejudice. The Clerk of Court is respectfully DIRECTED to close this case.

IT IS SO ORDERED.

Signed: March 12, 2020

_____
Frank D. Whitney
Chief United States District Judge